# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
June 22, 2020
JEFFREY P. COLWELL, CLERK

Civil Action No. _____19-cv-03706_____

(To be supplied by the court)

ERIC PATRICK BRANDT _____, Plaintiff

v.

BRET GAREGNANI _____, Defendant.

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT ✳

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

ERIC BRANDT P01089863 P.O. BOX 133 WESTMINSTER, CO 80036

(Name, prisoner identification number, and complete mailing address)

*NOTE: PLAINTIFF IS NO LONGER IN CUSTODY BUT IS FOLLOWING COURT ORDERS 😊*

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

X̶ Pretrial detainee — *JUST RELEASED*

___ Civilly committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

X̶ Other: (*Please explain*) *THIS WAS NEVER A PRISONER*
*COMPLAINT TO BEGIN WITH.*

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: *BRET ~~GEORG~~ GAROGNANI*

(Name, job title, and complete mailing address)

*~~PO~~ 490 W COLFAX DENVER CO*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X̶ Yes ___ No (*check one*). Briefly explain:

*UNIFORMED SHERIFF DEPUTY*

_____

Defendant 1 is being sued in his/her X̶ individual and/or ___ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

X̶ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

*1*

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim,
specify the right that allegedly has been violated and state all facts that support your claim,
including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s)
involved in each claim, and the specific facts that show how each person was involved in each
claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space
is needed to describe any claim or to assert additional claims, use extra paper to continue that
claim or to assert the additional claim(s).  Please indicate that additional paper is attached and
label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: ___SEE   ATTACHED_____

    Supporting facts:

SEE ATTACHED PAGES

**E.    PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you
were incarcerated?  ⟋Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one
previous lawsuit, use additional paper to provide the requested information for each previous
lawsuit.  Please indicate that additional paper is attached and label the additional pages
regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    ___SHERIFF PATRICK SIMMAN___

Docket number and court:    ___CANT RECALL___
Claims raised:    _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)    ___SETTLED DISPUTE___

Reasons for dismissal, if dismissed:    ___CLAIM ABANDONED
AS A RESULT___

Result on appeal, if appealed:    _____

2

**F.    ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

___ Yes _X_ No (*check one*)

COMPLETELY MOOT
AND IRRELEVANT
AS PREVIOUSLY
EXPLAINED — BUT OK

3

D. STATEMENT OF CLAIMS (continued)

1.  On 2019DEC27, Plaintiff, who was out of custody, traveled to the Alfred A. Arraj Federal District

    Courthouse to file his type-written Original Complaint and Jury Demand initiating a valid cause of action

    pursuant to 42 U.S.C. Section 1983 against Defendant Bret Garegnani for injuries sustained 2019DEC11,

    also while Plaintiff was out of custody.



4

D. STATEMENT OF CLAIMS (continued)

2.      Despite the fact that Plaintiff literally copied his Complaint from a successful suit filed by the highly

reputable, registered attorney - David Lane - edited only to adjust for the specific details of the instant

matter (and thus known to Plaintiff to be otherwise legally sufficient) - this court rejected the entire

pleading strictly for offensive formatting. Thus the Court has imposed a substantially greater standard and

burden on this pro se litigant than would be imposed upon a trained and experienced attorney.



5

## D. STATEMENT OF CLAIMS (continued)

3.    Plaintiff, then in custody in the Jefferson County, Colorado Detention Center, very respectfully, and at

substantial difficulty due to the conditions of confinement, hand-wrote his First Amended Complaint on the

General Complaint Form as ordered by this Court. Largely as a result of the challenges of confinement,

Plaintiff trimmed vast amounts of content from his Original Complaint yielding several well-written,

independently standing, complete claims totaling 38 pages.



D. STATEMENT OF CLAIMS (continued)

4.     Despite Plaintiff's legally sufficient, 38-page Complaint stating at least one fully viable cause for

action pursuant to 42 U.S.C. Section 1983, the Court arbitrarily imposed a 30-page limitation and

ordered Plaintiff to redo the entire complaint using the "Prisoner Complaint Form".



7

## D. STATEMENT OF CLAIMS (continued)

5.      Plaintiff appropriately tendered a written objection to the magistrate's orders wherein Plaintiff argued there

existed no substantial material difference between the General and Prisoner Complaint Forms; to wit: the

substantive differences being related to the prisoner litigation reform act were moot for an action which

arises entirely out of events unrelated to conditions of incarceration and because the action was originally

initiated as a non-prisoner complaint by a (at that time) non-prisoner.



D. STATEMENT OF CLAIMS (continued)

6.    The Court responded with impudence and intolerance demanding Plaintiff JUST OBEY and

comply with the letter of all Court Rules - specifically that Plaintiff was NOW a prisoner and

threatening one last chance to strictly comply rather than  interpreting the pro se complaint

liberally so as to do justice.



## D. STATEMENT OF CLAIMS (continued)

7.     Plaintiff studied and studied and studied the Court's Rules.



8.     Plaintiff could find no rule prohibiting the use of illustrations in a pleading before this Court.



9.     Plaintiff, in pursuit of compliance with the Court's limitations, concluded that a picture is worth a

thousand words.

10

## D. STATEMENT OF CLAIMS (continued)

10.    Plaintiff hereby tenders his written objection to the Courts continued oppressive stance.  Plaintiff

respectfully requests this Court accept this SECOND AMENDED COMPLAINT*,+ AND JURY

DEMAND and forward the matter to the trial division and initiate service of process by the

Federal Marshall Service.

---

*    ILLUSTRATED
+    GUARANTEED PROPHYLAXIS TO PROLIXITY

## D. STATEMENT OF CLAIMS (continued)

11.     On or about 2015NOV11, while on duty as a Denver Sheriff Deputy, Defendant Bret Garegnani,

a former football player weighing about 400 pounds, beat and crushed into a coma the 100 pound,

50 year-old, mentally ill, African-American Michael Marshall while Marshall was in custody at

the Denver Downtown Detention Center.   Comatose for 9 days, Marshall was removed from life

support and died 2015NOV20.



D. STATEMENT OF CLAIMS (continued)

12.     Despite failing to resuscitate his now dead victim, and being suspended for 18 days for numerous

        policy violations in connection with killing Michael Marshall, Garegnani was nominated by the

        Department for an Heroic Life-Saving Award.  (Note: the 18-day suspension was overturned by

        the Union on appeal rendering Garegnani's consequences absolutely zero.



13

D. STATEMENT OF CLAIMS (continued)

13.     The City and County of Denver agreed to the largest settlement in Colorado history for a
wrongful death by police when they paid the Marshall Family Four Million Six Hundred Fifty
Thousand Dollars while utterly insulating Garegnani from and meaningful accountability.



14

## D. STATEMENT OF CLAIMS (continued)

14.  Janet Matzen, a Denver Metro resident and tireless advocate for the homeless, marginalized and

under-represented, has a well-established history of speaking out on this matter of great public

concern; to wit: she will typically express her objections to Garegnani's continued employment

and impunity by displaying a middle-finger gesture in his direction and referring to him as a

"fucking fat murderer pig".



15

## D. STATEMENT OF CLAIMS (continued)

15.    Around 2019OCT - 2019DEC, Garegnani became vengeful and began abusing his law

enforcement status even more.  He would stalk, harass, threaten and engage in acts of physical

violence against Matzen and others.  His violence escalated in multiple attacks wherein he

forcibly expelled Matzen from the courthouse.  In one instance, Garegnani ripped sheets of skin

from Matzen's arm resulting in hours of bleeding and permanent scaring.



16

D. STATEMENT OF CLAIMS (continued)

16.    Plaintiff, a public figure internationally known as "THE FUCK THE COPS GUY"; was outraged

by Garegnani's perpetual and repugnant abuses - matters of great GREAT public concern.

Knowing that the display of a silent symbolic gesture in a courthouse is protected speech pursuant

to Cohen v. California 403 u.s. 15 (1971), Plaintiff silently displayed his middle finger toward

Garegnani 2019DEC11.



17

D. STATEMENT OF CLAIMS (continued)

17.    Defendant Garegnani ordered Plaintiff, who was silent and not creating any disturbance what so

ever, to "PUT THAT AWAY!". Garegnani threatened to charge Plaintiff with crimes and apply

physical force to Plaintiff unless he stopped his protected silent symbolic speech.



18

D. STATEMENT OF CLAIMS (continued)

18.    Plaintiff doubled-down - literally - and silently displayed TWO middle fingers, knowing full well

these displays were utterly well-established protected speech in a public forum despite

Garegnani's threats of violence and prosecution.



19

## D. STATEMENT OF CLAIMS (continued)

19.     Garegnani, acting under full color of law as a uniformed, armed, on duty sheriff deputy, wantonly,

intentionally, maliciously, willfully, and knowingly halted Plaintiff's speech and used physical

force to expel Plaintiff from the premises without probable cause to believe Plaintiff had

committed any crime and in retaliation for Plaintiff's content and/or viewpoint expressed to which

he objected.   Several bystanders witnessed and/or recorded the incident.



20

D. STATEMENT OF CLAIMS (continued)

20.    Plaintiff's FIRST CLAIM FOR RELIEF for this incident is pursuant to 42 U.S.C 1983 where

Garegnani acting under full color of state law as an on-duty, uniformed and armed law

enforcement officer halted Plaintiff's speech critical of his performance as a law enforcement

officer in violation of Plaintiff's well-established rights to free speech secured for Plaintiff by the

First Amendment to the Constitution for the United States.


21.    Plaintiff's SECOND CLAIM FOR RELIEF for this incident is pursuant to 42 U.S.C 1983 where

Garegnani acting under full color of state law as an on-duty, uniformed and armed law

enforcement officer, rather than to bring to justice a person believed to have committed a crime,

instead, substantially motivated by malicious desires to punish Plaintiff for the content

and/viewpoint expressed, halting Plaintiff's speech and unreasonably, forcibly seizing Plaintiff in

violation of Plaintiff's well-established rights secured for Plaintiff by the First and Fourth

Amendments to the Constitution for the United States, which would chill a person of ordinary

firmness from engaging in similar protected speech and conduct, in violation of Plaintiff's well-

established rights to be free from official retaliation for protected speech secured for Plaintiff by

the First Amendment to the Constitution for the United States.


22.    Plaintiff's THIRD CLAIM FOR RELIEF for this incident is pursuant to 42 U.S.C 1983 where

Garegnani acting under full color of state law as an on-duty, uniformed and armed law

enforcement officer, lacking any probable cause that Plaintiff had committed any crime, and in

retaliation for Plaintiff's speech to which he objected, physically seized Plaintiff, using physical

force to unlawfully relocate Plaintiff outside the courthouse in violation of Plaintiff's well-

established rights to free from unreasonable seizures secured for Plaintiff by the Fourth

Amendment to the Constitution for the United States.

D. STATEMENT OF CLAIMS (continued)

23.  Each aforementioned Claims for Relief and violations also constitute violations of the Fourteenth
Amendment to the Constitution for the United Stated which extends their respective federal
protections to state actors.

24.  In addition to compensatory, declarative, and injunctive reliefs sought, and all associated fees and
costs, because Garegnani acted with malicious motives, Plaintiff is also entitled to punitive
damages.

25.  Defendant's conduct herein constitutes the direct and indirect proximate cause to substantial
injuries, damages and/or losses to Plaintiff's Liberty and/or Property interests not limited to
emotional distress, mental anguish, emotional pain, loss of liberty, economic losses and more.

26.  To the extent this SECOND AMENDED COMPLAINT AND JURY DEMAND in it's manifest
contra-prolixity and conciseness fails to sufficiently put forth plaintiff's claims for relief, in the
interest of brevity and justice Plaintiff so supplements each of the statements, facts, allegations
and paragraphs set forth in Plaintiff's otherwise "prolix" Original and First Amended Complaints
as necessary to adequately, albeit boringly, state his valid claims for relief as though each were
fully stated herein verbatim.

27.  Pursuant to Rules 8(d)(1),(2) and (3), and 8(e), and 10, Plaintiff asserts he had adequately
proffered at least one viable claim for relief and objects to any further harassment from the
Magistrate Judge.  Plaintiff respectfully requests this suit proceeded to the trial division and that
the Defendant be served by the Federal Marshall Service.

22

D. STATEMENT OF CLAIMS (continued)

28.     In the alternative, Plaintiff requests the Senior Judge intervene and conduct a full and liberal

review of the record de novo so as to administer justice in this viable and valid cause of action.


29.     Justice delayed is justice denied.  Let's not drag this very simple middle-finger case out another

seven months please.  Defendant Bret Garegnani has enjoyed impunity quite long enough already.



23

D. STATEMENT OF CLAIMS (continued)



24

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is
needed to identify the relief you are requesting, use extra paper to request relief. Please indicate
that additional paper is attached and label the additional pages regarding relief as "G.
REQUEST FOR RELIEF."*

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against
Defendant, and grant:

    (a)    Appropriate declaratory and other injunctive and/or equitable relief;

    (b)    Compensatory and consequential damages, including damages for emotional
distress, loss of reputation, humiliation, losses of enjoyment of life, and other pain and
suffering on all claims allowed by law in an amount to be determined at trial;

    (c)    All economic losses on claims allowed by law;

    (d)    Punitive damages on all claims allowed by law and in an amount to be determined
at trial;

    (e)    Attorney's fees and the costs associated with this action, including but not limited
to those associated with having to defend against the false criminal charges as well as
consultation costs, paralegal costs, investigatory costs, deposition costs, witness fees,
expert witness fees, on all claims allowed by law;

    (f)    Pre- and post- judgment interest at the lawful rate; and

    (g)    Any further relief this Court deems just and proper, and any other relief allowed
by law.

PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746;
18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending or modifying
existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,
will likely have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

2020 JUN 21
_____
(Date)

(Form Revised December 2017)